```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

CLIFTON DEON: WOODSON,       )
                             )
     Plaintiff,              )
                             )
v.                           )     No. 22-mc-00003-TLP-tmp
                             )
CLIFTON DEON WOODSON,        )
                             )
     Defendant.              )
_____

### REPORT AND RECOMMENDATION
_____

On February 7, 2022, Clifton Deon: Woodson submitted a *pro se* miscellaneous filing titled "Notice of Pre-March 9, 1933 Private American Citizenship Status of Clifton Deon: Woodson, Real Party in Interest on behalf of his Principal, Legal Fiction CLIFTON DEON WOODSON, Defendant" ("complaint"). (ECF No. 1.) Woodson lists the plaintiff as "Clifton Deon: Woodson," and the defendant as "Clifton Deon Woodson." (Id.) Woodson paid the case initiation fee for miscellaneous cases of $49.00. (ECF No. 2.) For the reasons set forth below, the undersigned recommends that Woodson's case be dismissed *sua sponte* for lack of subject matter jurisdiction.

### I. PROPOSED FINDINGS OF FACT

The complaint is difficult to follow, and it is unclear what action Woodson is seeking from the court. However, the language in the filing bears the hallmark of the sovereign citizen movement.

Sovereign citizens (or "sovereigns") are a "loosely knit network" of individuals who express a shared anti-government sentiment. United States v. Cook, No. 3:18-CR-00019, 2019 WL 2721305, at *1 (E.D. Tenn. Jun. 28, 2019) (citing Joshua P. Weir, Sovereign Citizens: A Reasoned Response to the Madness, 19 LEWIS & CLARK L. REV. 830, 834 (2015)). "Members of the contemporary movement believe that with the passage of the Fourteenth Amendment, along with various developments in commercial law (including the adoption of the Uniform Commercial Code ("UCC"), abandonment of the gold standard, and creation of the Federal Reserve Bank), the modern-day legal system has tricked people into giving up their 'sovereign' citizenship in order to receive government benefits." Id. (citing Weir, supra, at 837; Francis X. Sullivan, The "Usurping Octopus of Jurisdictional/Authority": The Legal Theories of the Sovereign Citizen Movement, 1999 WIS. L. REV. 785, 795-813 (1999)).

"Sovereigns believe there are two forms of citizenship—inferior federal (or Fourteenth Amendment) citizenship, and superior state (also known as sovereign, or "de jure") citizenship." Cook, 2019 WL 2721305, at *1. By filing perplexing legal documents to free themselves from federal citizenship, sovereigns argue they are exempt from the jurisdiction of any legitimate court, state or federal. Weir, supra, at 838.

"Sovereign citizen pleadings are 'dense, complex, and virtually unreadable.'" Cook, 2019 WL 2721305, at *1 (quoting Sullivan, supra, at 796). A line of case law has developed to address the voluminous and often frivolous filings of sovereign citizens. Sullivan, supra, at 796 ("Faced with mountains of paperwork, courts must choose between spending hours deciphering Sovereign Citizen arguments or dismissing them out of hand"); see U.S. v. Coleman, 871 F.3d 470, 476 (6th Cir. 2017) ("Defendant's legal arguments directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans"); U.S. v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (A sovereign citizen's arguments that they are beyond the jurisdiction of the courts should be "rejected summarily, however they are presented.").

Although Woodson states in the complaint that he "is neither a 'sovereign citizen' nor has ever claimed such a status promoting anarchy and dissolution of western civilization born of the Protestant Reformation[,]" the complaint contains assertions consistent with those of the sovereign citizen movement. (ECF No. 1 at 4.) For example, Woodson states:

> Affiant is not a "person within the United States" as per the original wording of your "Emergency Banking Relief Act" passed by your Emergency War Powers Congress on March 9, 1933, it having "confirmed and approved" Presidential Proclamation 2039 of March 6, 1933, and Presidential Proclamation 2040 of March 9, 1933 . . . for the Congress at that time was composed of only quasi-

>       artificial "persons" being Public "U.S. Citizens" no
>       longer representing the once sovereign "We the
>       People[.]"

(Id. at 3.) Additionally, he claims that "I, Clifton Deon: Woodson and Agent of Record and Sole Beneficiary for his Principal, Legal Fiction 'CLIFTON DEON WOODSON,' hereby put the moving party ON NOTICE of my constitutionally-protected, non-volunteer surety, non-quasi trustee, *de jure*, Pre-March 9, 1933 Private American Citizenship status . . ." (Id. at 5.) Further, Woodson directs the court, "to uphold the private citizenship clause of Section One of the Fourteenth Amendment to The Constitution of the United States of America." (Id. at 7.) It appears that Woodson's filing is intended as a declaration of his "*de jure*" citizenship status.

## II.    PROPOSED CONCLUSIONS OF LAW

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

"A district court may, at any time, *sua sponte* dismiss a

complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." <u>Apple v. Glenn</u>, 183 F.3d 477, 479 (6th Cir. 1999). Woodson's claims that he is a "private American citizen," in other words, a sovereign citizen, are entirely without merit and have been consistently rejected by courts. <u>See</u> <u>United States v. Bradley</u>, 26 F. App'x 392, 394 (6th Cir. 2001). Accordingly, the undersigned recommends this case be dismissed for lack of subject matter jurisdiction. <u>See</u> <u>Apple</u>, 183 F.3d at 479; Fed. R. Civ. P. 12(b)(1).

## IV. RECOMMENDATION

It is recommended that the case be dismissed *sua sponte* for lack of subject matter jurisdiction.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

February 18, 2022
Date

## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R.**

72.1(g)(2). **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**