IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CLIFTON DEON: WOODSON,    )<br>                                                     )<br>         Plaintiff,                          )<br>                                                     )     No. 2:22-mc-00003-TLP-tmp<br>v.                                                )<br>                                                     )<br>CLIFTON DEON WOODSON,       )<br>                                                     )<br>         Defendant.                     ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**

Pro se Plaintiff Clifton Deon: Woodson filed a miscellaneous document titled "Notice of Pre-March 9, 1933 Private American Citizenship Status of Clifton Deon: Woodson, Real Party in Interest on behalf of his Principal, Legal Fiction Clifton Deon Woodson, Defendant" ("Complaint") in February 2022. (ECF No. 1.) And his Complaint lists the plaintiff as "Clifton Deon: Woodson," and the defendant as "Clifton Deon Woodson." (*Id.*) Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Tu M. Pham (Judge Pham) for management of all pretrial matters. Judge Pham entered a Report and Recommendation (R&R), recommending that the Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. (ECF No. 4.)

A magistrate judge may submit to a district court judge a Report and Recommendation (R&R) for the determination of certain pretrial matters, including dismissal of an action for lack of subject matter jurisdiction. 28 U.S.C. § 636(b)(1)(A)–(B); *see also Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue

sua sponte."). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If a party does not object, then a district court reviews an R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And that court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The Court agrees with Judge Pham that Plaintiff's Complaint "bears the hallmark of the sovereign citizen movement." (ECF No. 4 at PageID 55.) And "[i]t appears that [Plaintiff's] filing is intended as a declaration of his 'de jure' citizenship status." (*Id.* at PageID 58.) In other words, Plaintiff argues he is exempt from the jurisdiction of any legitimate court, state or federal. (*See id.* at PageID 56 (citing Joshua P. Weir, *Sovereign Citizens: A Reasoned Response to the Madness*, 19 Lewis & Clark L. Rev. 830, 834 (2015).)

The Sixth Circuit consistently rejects sovereign citizen claims. *See, e.g.*, *United States v. Bradley*, 26 F. App'x 392, 394 (6th Cir. 2001); *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) ("Defendant's legal arguments directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans."). What is more, a federal court can dismiss a complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Plaintiff's Complaint fails to state a claim for relief that would satisfy the lenient standards of Rule 12(b)(1). This is true even under the less stringent standards applied by federal courts to pro se complaints. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown*

*v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011).  And Plaintiff has filed no objections to Judge Pham's R&R, and the deadline to do so has now passed.

The Court has reviewed the R&R for clear error and finds none.  The Court therefore **ADOPTS** Judge Pham's R&R, and it **DISMISSES** the case.

**SO ORDERED**, this 16th day of November, 2022.

                                          s/ Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE